IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DEQUANDA JUMILL SAMUELS,            )
                                    )
                    Petitioner,     )
                                    )
        v.                          )    1:12CV592
                                    )    1:08CR87-1
UNITED STATES OF AMERICA,           )
                                    )
                    Respondent.     )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on a Motion [Doc. #69] by Petitioner Dequanda Jumill Samuels ("Petitioner"), to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Petitioner was convicted in this Court on March 19, 2009, pursuant to her guilty plea to Count Two of the indictment in this case charging her with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The offense was alleged to have occurred on or about August 7, 2007. At the sentencing hearing on October 13, 2010, Petitioner was sentenced to 250 months imprisonment. Judgment was entered on October 27, 2010. Petitioner appealed unsuccessfully.

In her present Motion, Petitioner raises three claims for relief. The first claim contends that she should have been sentenced under the provisions of the Fair Sentencing Act of 2010 (hereinafter "the FSA"). The second contends that, based on the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), she should no longer be considered a career offender, and that an Information of Prior Conviction

filed by the Government under 21 U.S.C. § 851 is no longer valid. Her third claim argues that applying both the FSA and Simmons to her case would result in a substantial decrease in her sentencing range under the applicable statutes and the United States Sentencing Guidelines.

In response to Petitioner's Motion, the Government concedes that the FSA should be applied to Petitioner and that she should be resentenced in accordance with that Act. Although the law was unsettled on this point for a period of time, the United States Supreme Court has now concluded that the FSA applies to individuals, like Petitioner, who were sentenced after August 3, 2010, even if the underlying conduct occurred prior to that date. See Dorsey v. United States, ___ U.S. ___, 132 S. Ct. 2321 (2012). Based on the decision in Dorsey, the Government concedes that relief should be granted under § 2255 in this case, and that Petitioner should be resentenced under the FSA. With respect to the Dorsey claim, the Government also waives any procedural bar that might apply, and the Government specifically notes that it "will not seek to enforce the waiver of collateral review set out in Petitioner's plea agreement."

In considering what relief is available in light of Dorsey, the Court notes that a Motion under 28 U.S.C. § 2255 may challenge a sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Other courts in this circuit have granted relief under § 2255 for individuals sentenced after August 3, 2010, who raise meritorious FSA-related claims based on Dorsey. See, e.g., Lawe v. United States, ____ F. Supp. 2d ____, 2012 WL 5272231 (E.D.Va. Oct. 22, 2012); Gatlin v. United States, Civil No. 4:11-3313, Cr. No. 4:10-203, 2012 WL 4473116 (D.S.C. Sept. 26, 2012); United

States v. Williams, Criminal No. 3:10-580, 2012 WL 3467999 (D.S.C. Aug. 15, 2012); Wigfall v. United States, Cr. No. 3:09-39-9, 2012 WL 2564133 (W.D.N.C. June 29, 2012). In this case, having considered the information presented and the position of the Government, this Court will recommend that Petitioner's Motion be granted as to the Dorsey claim, that the sentence be vacated, and that the matter be set for a resentencing hearing.[1]

IT IS THEREFORE RECOMMENDED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. #69] be GRANTED, as set out herein, based on Respondent's concession that Petitioner should be resentenced under the Fair Sentencing Act, that the Judgment [Doc. #40] be vacated, and that this matter be set for resentencing.

This, the 15th day of May, 2013.

/s/ Joi Elizabeth Peake<br>United States Magistrate Judge

---

[1] The Fourth Circuit has held that when relief is available under § 2255, the district court is authorized to conduct a resentencing if appropriate. See United States v. Hadden, 475 F.3d 652, 668 (4th Cir. 2007). In this case, the Government concedes that a resentencing is required. The Court notes that the Government's concession in this case does not extend to Petitioner's claim under United States v. Simmons. In this regard, the Government contends that Petitioner's Simmons-related challenge to the calculation of her sentence under the United States Sentencing Guidelines would not be cognizable as a basis to grant § 2255 relief. However, in light of the Government's concession as to Petitioner's Fair Sentencing Act claim, and the Government's agreement that Petitioner should be resentenced, there is no need for the Court to evaluate whether Petitioner's Simmons claims could also be the basis for § 2255 relief. If Petitioner's sentence is vacated and this matter is set for resentencing based on the FSA claim, any issues related to the proper calculation of the Sentencing Guidelines, including any Simmons-related issues, would be matters for consideration at that resentencing.